# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAMETRI DALE, | ) |
| Plaintiff, | ) |
| v. | ) 1:23CV282 |
| FNU JURDEGAN, et al., | ) |
| Defendants. | ) |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on several motions: Plaintiff Dametri Dale's "Motion for a Temporary Restraining Order and a Preliminary Injunction Order" (Docket Entry 7); Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction, and to Serve on all Defendants the Amended Complaint, Affidavits of Plaintiffs, Memorandum of Law, Proposed Order to Show Cause, and Notice of Duty to Preserve Evidences" (Docket Entry 8); Plaintiff's "Motion for Class Action Determination" (Docket Entry 12); and Plaintiff's "Motion for Copies of the Amended Complaint, Affidavits of Plaintiffs, Memorandum of Law, Notice of Duty to Preserve Video Footages and Evidences, Without the Prepayment of Fees" (Docket Entry 13). For the reasons below, the undersigned will deny Plaintiff's request for copies, and will recommend Plaintiff's remaining motions be denied.

1

## BACKGROUND

Plaintiff, a *pro se* prisoner currently housed at Scotland Correctional Institution ("SCI"), filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations and state law claims against Defendants FNU Jurdegan, FNU Barnes, FNU Brit, FNU Broady, FNU Nelly, FNU Simmons, FNU Hafeez, and Warden Stephen Jacobs. (*See generally* Complaint, Docket Entry 2.)[1] In his Complaint, Plaintiff essentially asserts that Defendants: (1) ignored his complaints regarding the condition of his prison cell which has caused Plaintiff serious physical injury; (2) improperly restricted Plaintiff and other inmates' access to clean clothing, clean linen, and other personal hygiene items (including shaving and haircuts) against prison policy; (3) improperly punished Plaintiff and others by restricting canteen, phone and visitation privileges; (4) denied Plaintiff access to "law materials" on the tablets provided by SCI, and limited Plaintiff's writing material; and (5) unlawfully engaged in the use of excessive force on Plaintiff by use of pepper spray. (*See id.* at 8-13.)[2] It appears that most, if not all, of the alleged violations involve incidents while Plaintiff was housed in the restrictive housing unit for control purposes, which Plaintiff alleges that Defendants have confused with restrictive housing for "disciplinary purposes." (*Id.* at 10.) Plaintiff lists claims for excessive force, denial of access to the courts, conditions of confinement, due process violations, cruel and unusual punishment, and assault. (*Id.* at 6, 15.)

---

[1] Plaintiff incorrectly spelled the names of some Defendants. (*See* Docket Entry 22 n.1 and 2.)

[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

The record reflects that shortly after Plaintiff proceeded beyond initial screening, he filed his first motion requesting a temporary restraining order and preliminary injunction. (Docket Entry 7.) Approximately one month later, Plaintiff filed another motion seeking a temporary restraining order and preliminary injunction, and to serve Defendants with several documents including the Amended Complaint. (Docket Entry 8.) The latter motion was filed simultaneously with Plaintiff's Amended Complaint (and other documents) and appears to be based on said amended pleading. (*See* Docket Entries 9-11.) As noted in a recent Order, Plaintiff's Amended Complaint was withdrawn prior to the Court's review, therefore this matter is proceeding on the original Complaint. (*See* Text Order dated 10/31/2023.) For that reason, Plaintiff's second motion for injunctive relief should be denied as moot. The Court will nevertheless address Plaintiff's original request for injunctive relief.

In his original motion for a temporary restraining order and preliminary injunction, Plaintiff seeks an order: (1) prohibiting the restriction of writing materials and access to tablets necessary for litigation of his civil and criminal cases; (2) prohibiting Defendants from restricting Plaintiff's access to clean clothing and linen; (3) allowing Plaintiff to clean his cell weekly; and (4) prohibiting Defendants from restricting Plaintiff's canteen access. (*See generally* Docket Entry 7.)

3

## DISCUSSION

1. <u>Preliminary Injunction and Temporary Restraining Order</u>

A party seeking a preliminary injunction or temporary restraining order[3] must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[4] A party must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 20; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-22; *Real Truth*, 575 F.3d at 347. Only then does the Court consider whether the balance of equities tips in the favor of the party seeking the injunction. *See Real Truth*, 575 F.3d at 346-47. Finally, the Court must pay particular regard to the impact of the extraordinary relief of an injunction upon the public interest. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 23-24). Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear

---

[3] The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020); *United States Dept. of Labor v. Wolf Run Mining Co.,* 452 F.3d 275, 281 n.1 (4th Cir. 2006).

[4] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). However, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-47, stating the facts and articulating the standard for issuance of a preliminary injunction, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).

showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation and quotation omitted) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances").

Here, Plaintiff has failed to make the requisite showing for preliminary injunctive relief. At this point in the proceedings Plaintiff has not made a "clear showing" that he is likely to succeed on the merits. *Winter*, 555 U.S. at 20. Regarding any denial of written materials or access to legal research on a tablet, Plaintiff does not show actual injury to demonstrate the likely success on a claim for denial of access to the courts. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (denial of access to the courts requires prisoner to identify an actual injury resulting from official conduct). Indeed, any argument about hinderances in being able to move forward in his legal proceedings as a result of a lack of writing materials and access to a tablet is belied by Plaintiff's filings in this matter alone.[5] Further, neither in his Complaint nor his motion does Plaintiff point to an unfavorable decision in any pending actions that resulted from the alleged conduct here.[6] *See McGurgan v. Harman*, No. 2:20-CV-00173, 2021 WL

---

[5] Plaintiff has been able to file many documents in this matter. Further, while Plaintiff mentions the lack of access to the Westlaw database (*see* Docket Entry 7 at 3-4), that apparently has not hindered his ability to research and cite cases (*see id.* (citing *Faretta v. California*, 422 U.S. 806 (1975))).

[6] Plaintiff's attached materials to his motion does include a denial order for a request for copies of the pleadings at the public's expense in his criminal matter before the North Carolina Court of Appeals. (*See* Docket Entry 7 at 25.) However, it is unclear how this is a result of any conduct on behalf of Defendants. Furthermore, the attachments show that Plaintiff's former counsel in the State matter, who withdrew at Plaintiff's request (*see id.* at 13, 23), sent Plaintiff correspondence regarding several documents he would be mailing to Plaintiff, including "the proposed record on appeal." (*Id.* at 18; *see also id.* at 16-17, 19.)

772728, at *2 (S.D.W. Va. Jan. 29, 2021) ("[T]he Complaint and motion do not provide factual allegations that indicate any actual hindrance with Plaintiff's filings in this . . . court, much less any 'actual injury' such as the loss of a motion, dismissal of an action, or entry of sanctions against Plaintiff in any of his pending actions."), *report and recommendation adopted*, No. 2:20-CV-00173, 2021 WL 770595 (S.D.W. Va. Feb. 26, 2021). Ultimately, Plaintiff has not shown preliminary injunctive relief is warranted considering that courts should only grant such relief "involving the management of correctional facilities only under exceptional and compelling circumstances," *id.*, and that "sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts," *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

As to Plaintiff's remaining concerns regarding prison conditions in which he seeks injunctive relief, he also fails to demonstrate that he is likely to succeed on the merits of a conditions of confinement claim. Plaintiff contends that the lack of access to clean clothing and linen, the cell conditions, and the canteen restrictions on ordering hygiene products all require immediate attention. (Docket Entry 7 at 6-10.) "The Eighth Amendment, which prohibits infliction of 'cruel and unusual punishments,' applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (2019) (citations omitted). This "imposes a duty on prison officials to provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (internal quotations and citation omitted). However, "the Constitution does not mandate comfortable prisons," and as often may be the case, some conditions that are "restrictive and even harsh .

. . are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) ) (internal quotations and citation omitted).

Eighth Amendment condition of confinement claims are evaluated by a two-part test that has both an objective and subjective component. *Porter*, 923 F.3d at 355. "First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotation marks omitted). To be "sufficiently serious," "a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities.'" *Id.* (quoting *Rhodes*, 452 U.S. at 347). Second, "a prison official must have a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted) (quoting *Wilson*, 501 U.S. at 297). "That state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302-303). "A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice." *White ex rel. White v. Chambliss*, 112 F.3d 731, 737 (4th Cir. 1997).

Here, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his claim challenging the conditions of his confinement. At best, Plaintiff has reasserted the allegations in his Complaint, providing a little more detail into the conditions of his confinement and his resulting injuries. (*See generally,* Docket Entry 7 at 6-10.) However, "the burden placed upon Plaintiff[ ] to show that each requirement of a preliminary injunction is met is high. Consequently, merely 'providing sufficient factual allegations to meet the [Fed. R.

7

Civ. P.] 12(b)(6) standard of *Twombly* and *Iqbal*' does not show a likelihood of success on the merits." *J.O.P. v. U.S. Dep't of Homeland Sec.*, 338 F.R.D. 33, 60 (D. Md. 2020) (quoting *Allstate Ins. Co. v. Warns*, Civil No. CCB-11-1846, 2012 WL 681792, at *14 (D. Md. Feb. 29, 2012)). Ultimately, Plaintiff has not met his burden here.[7]

Moreover, Plaintiff has not shown irreparable harm. Interestingly, Plaintiff notes his injuries as a result of Defendants' alleged conduct, but also acknowledges requesting and obtaining medical care. (*See* Docket Entry 7 at 6 (developed an abscess, given hydrocortisone cream, and referred to a physician); and 9 (requested and referred to physician)). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek*, 520 U.S. at 972). Here, Plaintiff has not shown extraordinary circumstances warranting immediate interference in prison management prior to the resolution of this matter. *See Cox v. Anderson*, No. 4:21-CV-3797-MGL-TER, 2023 WL 1482693, at *4 (D.S.C. Jan. 9, 2023) ("Plaintiff has not shown the extraordinary circumstances necessary to warrant this court's interference in the management of SCDC prior to a full adjudication on the merits."), *report and recommendation adopted*, No. CV 4:21-03797-MGL, 2023 WL 1481025 (D.S.C. Feb. 2, 2023). Moreover, there is no balance of hardships that tips in Plaintiff's favor and there is no showing that an injunction is in the public interest. Both the Supreme Court and the Fourth Circuit have recognized the need to provide deference to

---

[7] It appears that Plaintiff's request for injunctive relief surrounds only his two claims discussed herein. Thus, the undersigned will not address Plaintiff's remaining claims in his Complaint.

8

prison administrators in matters of prison management. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."); *Taylor*, 34 F.3d at 268 ("[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities."). In sum, because Plaintiff cannot establish the *Winter* factors as to his request for injunctive relief, the undersigned recommends that Plaintiff's motion be denied.[8]

2. Motion for Class Action Determination and Motion for Copies

Plaintiff has also filed a motion seeking class action certification. (Docket Entry 12.) As stated in the motion, Plaintiff's request is based on the information presented in the Amended Complaint, which has been withdrawn. Therefore, Plaintiff's motion is moot.[9] As to Plaintiff's motion seeking copies of several documents in this matter (Docket Entry 13),

---

[8] As previously noted, Plaintiff's second motion for injunctive relief (and other requests) was filed simultaneously with his Amended Complaint which has been withdrawn. Thus, this motion should be moot. In any event, to the extent the motion is relevant to Plaintiff Dale and his claims in his original Complaint, he again fails to meet his burden under the *Winter* factors.

[9] Beyond that, Plaintiff's request for class certification is inappropriate as "[t[he Fourth Circuit does not certify a class where a *pro se* litigant will act as the representative of that class." *Mosley v. Jessup*, No. 3:18-CV-504-FDW, 2018 WL 5621860, at *2 (W.D.N.C. Oct. 30, 2018) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Hafner v. Office of Thrift Supervision*, 977 F.2d 572 (4th Cir. 1992)). Nor can Plaintiff otherwise satisfy the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the provisions Rule 23(b).

9

the Court will deny the motion.  Despite Plaintiff's in forma pauperis status, he is not entitled to a waiver of copying fees or any advancement of funds for himself or others.  *See Dale v. N. Carolina Dep't of Pub. Safety*, No. 1:22-CV-00259-MR, 2023 WL 5355292, at *1 (W.D.N.C. Aug. 21, 2023) ("A plaintiff who is proceeding in forma pauperis is not excused from bearing his own litigation expenses, including the cost of copies."); *Oglesbee v. O'Brien*, No. 7:10-CV-00322, 2011 WL 9933764, at *1 (W.D. Va. Oct. 24, 2011) ("Although the court granted plaintiff leave to proceed *in forma pauperis* in this action, this status only permits him to file the action without prepayment of the filing fee; plaintiff is not automatically entitled to free copies or other materials.") (emphasis in original), *aff'd*, 475 F. App'x 481 (4th Cir. 2012).  Therefore, Plaintiff's motion is denied.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction Order" (Docket Entry 7) be DENIED.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction, and to Serve on all Defendants the Amended Complaint, Affidavits of Plaintiffs, Memorandum of Law, Proposed Order to Show Cause, and Notice of Duty to Preserve Evidences" (Docket Entry 8) be DENIED as moot, and Plaintiff's "Motion for Class Action Determination" (Docket Entry 12) be DENIED as moot.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Copies of the Amended Complaint, Affidavits of Plaintiffs, Memorandum of Law, Notice of Duty to Preserve Video

Footages and Evidences, Without the Prepayment of Fees" (Docket Entry 13) is DENIED.

/s/ Joe L. Webster
United States Magistrate Judge

November 3, 2023
Durham, North Carolina